**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Melinda MORRIS, a.k.a. Melinda
Martin, Defendant-
Appellant.**

No. 04–5604.

United States Court of Appeals,
Sixth Circuit.

May 17, 2006.

U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

Stephen C. Smith, Asst. U.S. Attorney, London, KY, Derek G. Gordon, Anggelis & Gordon, Lexington, KY, for Defendant–Appellant.

Before: SILER and ROGERS, Circuit Judges; JORDAN, District Judge.[*]

ROGERS, Circuit Judge.

Melinda Morris appeals her sentence for conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846. The government concedes that Morris is entitled to resentencing under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court treated the Sentencing Guidelines range as mandatory rather than advisory. Accordingly, we vacate her sentence and remand for resentencing consistent with *Booker*.

Morris's additional argument—that the two-level enhancement to her sentence pursuant to U.S.S.G. § 2D1.1(b)(1) was clearly erroneous because the presence of a firearm was not proven by a preponderance of the evidence—is without merit. Based upon the Presentence Investigation Report (PSR), the district court found that Morris had admitted to possessing a firearm on May 21, 2001, when she pleaded guilty to the state-law offense of trafficking in a controlled substance "while being in possession of a .38-caliber handgun." Morris argues that the possession of a firearm was not an element of her state conviction, but she provides no evidence to refute the findings of the PSR and district

---

[*] The Honorable R. Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

court. A defendant cannot show that a PSR is inaccurate simply by denying its truth, but must show "some evidence beyond a bare denial that calls the reliability or correctness of the alleged facts into question." *United States v. Lang,* 333 F.3d 678, 681–82 (6th Cir.2003).